UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SONYA R. BASKIN WOLFE PLAINTIFF

V. CASE NO: 3:26-CV-303-DPJ-ASH

UNIVERSITY OF MISSISSIPPI MEDICAL CENTER DEFENDANTS

ORDER GRANTING IN PART DEFENDANT'S MOTION TO COMPEL

On July 31, 2026, Defendant University of Mississippi Medical Center (UMMC) served pro se Plaintiff Sonya R. Baskin Wolfe with its first set of Interrogatories and Requests for Production. [19, 20]. Plaintiff's responses were due on or before August 31, 2026; she did not serve timely responses. Following a September 16, 2026 telephonic discovery conference—at which Plaintiff failed to appear—UMMC moved to compel discovery responses on September 22, 2026. Mot. [29]. Plaintiff did not respond to UMMC's Motion to Compel, instead serving belated discovery responses on October 9, 2026. [31, 32]. UMMC filed a supplement [33] to its Motion to Compel notifying the Court that, although Plaintiff served discovery responses, those responses remained incomplete and unverified and, therefore, did not render the motion moot.

UMMC is correct that Plaintiff's failure to sign her interrogatory responses "under oath" requires correction. Fed. R. Civ. P. 33(b)(3). But it is not clear to the Court in what respects UMMC finds Plaintiff's substantive responses incomplete, and its supplement to its motion thus fails to comply with Local Rule 37(b), which requires a motion to compel to "quote verbatim" each discovery request and state "the reasons assigned as supporting the motion." So UMMC's motion is granted as unopposed as to the issue of verification: Plaintiff shall serve interrogatory responses that are signed under oath on or before November 3, 2026. *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time

allotted, the court may grant the motion as unopposed.”). Otherwise, Plaintiff’s responses rendered moot UMMC’s request that the Court order Plaintiff to serve responses.

As for UMMC’s complaints about the completeness of Plaintiff’s responses, UMMC will need to demonstrate how the responses are deficient in accordance with Local Rule 37(b). In light of Plaintiff’s unexplained failure to appear at the previous telephonic discovery conference, the Court will not require a further conference. Nevertheless, any future discovery motions must still “include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.” Fed. R. Civ. P. 37(a)(1); *see also* L.U. Civ. R. 37(a) (requiring a good-faith certificate). Finally, because the proposed order UMMC submitted to the Court did not reference payment of expenses, the Court considers the issue waived at this juncture.

IT IS, THEREFORE, ORDERED that Plaintiff Sonya R. Baskin Wolfe shall serve interrogatory responses that are verified under oath on or before November 3, 2026.

IT IS FURTHER ORDERED that Defendant University of Mississippi Medical Center’s motion is granted in part as stated in this order but otherwise considered moot.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE